**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **AM RE SYNDICATE, INC.,** § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> **GENERAL INSURANCE** § <br> **CORPORATION OF INDIA,** § <br> *Defendant* § <br> § <br> § <br> **AM RE SYNDICATE, INC.,** § <br> *Respondent* § <br> § <br> v. § <br> § <br> **TEXCAZ TRANSBORDER** § <br> **INSURANCE INTERMEDIARIES,** § <br> **INC.,** § <br> *Movant* § | Case No. 1:22-MC-00643-LY-SH <br><br> (Civil Action No. 1:22-CV-01028-VEC, Southern District of New York) |

**O R D E R**

Before the Court are Movant TEXCAZ Transborder Insurance Intermediaries, Inc. d/b/a TEXCAZ Insurance Services' Motion for Relief and Request for Sanctions and Costs Pursuant to Fed. R. Civ. P. 45(d)(1) Relating to Purported Subpoena, filed July 1, 2022 (Dkt. 1); Movant's Supplemental Motion, filed July 7, 2022 (Dkt. 3); Respondent AM RE Syndicate Inc.'s Response to TEXCAZ Transborder Insurance Intermediaries, Inc. d/b/a TEXCAZ Insurance Services' Motion for Protective Order and Supplemental Motion for Sanctions and AM RE's Cross-Motion to Compel, filed July 8, 2022 (Dkt. 6); and Movant's Reply, filed July 15, 2022 (Dkt. 10).

On July 14, 2022, the District Court referred all matters in this case to the undersigned Magistrate Judge for disposition or report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 8.

## I. Background

This action concerns a subpoena duces tecum from Respondent AM RE Syndicate, Inc. to Movant TEXCAZ Transborder Insurance Intermediaries, Inc. d/b/a TEXCAZ Insurance Services. In 2020, Movant filed a trade secret lawsuit against Respondent in state court in Dallas County, Texas; the litigation is ongoing. On February 4, 2022, Respondent filed a breach of contract complaint against General Insurance Corporation of India in the United States District Court for the Southern District of New York, No. 1:22-cv-01028-VEC (the "New York litigation"). Movant is not a party to the New York litigation, but is identified in some of Respondent's allegations.

On June 3, 2022, Respondent attempted to serve on Movant a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action pertaining to the New York litigation (the "Original Subpoena"). Dkt. 1-3. The Original Subpoena commanded Movant to produce documents at a law office in Austin, Texas on June 14, 2022. *Id.* at 1. However, it was missing several pages due to clerical error. *See* Dkt. 6 at 4.

Respondent first attempted to serve the Original Subpoena on Manuel Juarez, Movant's President and agent for service of process registered with the Texas Secretary of State, but Juarez and Movant were no longer at the registered address. Dkt. 6-3. Respondent's process server then went to Movant's current office, as listed by the Texas Secretary of State, where he handed the Original Subpoena to Movant's Chief Financial Officer, Veronica Rojas. Dkt. 6-4; Dkt. 10-1 ¶ 3.

After Movant's attorney advised Respondent that the Original Subpoena was incomplete and its service allegedly deficient, Respondent attempted to serve a corrected Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on June 15, 2022 (the "Corrected Subpoena"). Dkt. 1-6. The Corrected Subpoena commanded Movant to produce documents at the same office in Austin, Texas on June 30, 2022. *Id.* at 1.

Respondent submitted a notarized Affidavit of Due Diligence in which its process server stated that he delivered a copy of the Corrected Subpoena to an individual at Movant's office who refused to give his name. Dkt. 6-5. Movant submitted a declaration from its Chief Operating Officer, whose address is in Colorado, stating that the Corrected Subpoena was left at the front door of Movant's office instead. Dkt. 10-1 ¶ 5. Respondent also sent the corrected subpoena to Movant's counsel on June 15, 2022. Finally, the corrected subpoena was received July 5, 2022, by registered mail by Juarez at his home address, which is listed on the Texas Secretary of State website listings for Movant. Dkt. 3 at 2; Dkt. 6 at 5 n.2.

Movant contends that the subpoenas are invalid due to (1) lack of witness and mileage fee and (2) improper service. Movant also contends that the Original Subpoena lacks content required for a valid subpoena, but does not challenge the content or substance of the Corrected Subpoena. Movant seeks "an order declaring no valid and enforceable subpoena has been served on TEXCAZ; a protective order; and sanctions." Dkt. 3 at 4. Respondent asks the Court to compel Movant to comply with its subpoena within fourteen days. Dkt. 6 at 10.

## II.   Failure to Confer

Movant failed to comply with Local Rule CV-7(g), which provides in part that:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Movant neither includes a certificate of conference nor states in its Motion that counsel conferred with Respondent's counsel in a good-faith attempt to resolve this dispute without court intervention. As stated in Rule CV-7(g), the motion could be denied on that basis alone.

Had the parties actually conferred as required, they easily could have resolved this minor dispute without consuming the Court's resources. The parties are strongly urged to comply with

3

the Federal Rules of Civil Procedure and the Local Rules and admonished of their obligation to attempt to resolve such issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Movant is further admonished that failure to confer in good faith – that is, by actually discussing and attempting to resolve issues – before seeking relief may result in sanctions. *See McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2020 WL 4557567, at *8 (W.D. Tex. June 2, 2020) (Garcia, C.J.).

### III.   Legal Standard

Rule 45(b)(1) provides that: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."

### IV.   Analysis

**A. Witness and Mileage Fees**

Respondent argues that "it is well settled that *document subpoenas* like the Subpoena here do not require tendering witness/mileage fees." Dkt. 6 at 7. In support, however, Respondent cites only four district court cases – three of them unpublished – from the past 30 years, none within the Fifth Circuit and none directly analyzing this question in depth.[1] *Cf. In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003) (holding, as a matter of first impression, that deposition subpoena lacking mileage allowance was not properly served).

---

[1] Respondent cites *S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2010 WL 11509019, at *1 (S.D. Cal. 2010); *Johnson v. Communitycare Managed Healthcare Plans of Oklahoma, Inc.*, 2005 WL 8174812, at *7 (N.D. Okla. 2005); *U.S. EEOC v. Laidlaw Waste, Inc.*, 934 F. Supp. 286, 290 n.6 (N.D. Ill. 1996); *Jackson v. Brinker*, 1992 WL 404537, at *2 (S.D. Ind. 1992). Dkt. 6 at 7.

Respondent has not established that the attendance and mileage fee requirements of Rule 45(b)(1) did not apply to its subpoenas. Accordingly, the undersigned Magistrate Judge finds that both the Original Subpoena and the Corrected Subpoena are invalid for improper service. ARTHUR R. MILLER, 9A FED. PRAC. & PROC. CIV. § 2454 ("WRIGHT & MILLER") (3d ed. April 2022 Update) ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena.").

### B. Service

Although both subpoenas are quashed for failure to tender the required fees, the Court addresses Movant's argument that Respondent did not properly serve either subpoena. "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A WRIGHT & MILLER § 2454. For service on corporate entities such as Movant, courts have looked to Rule 4 for guidance. *In re Metal Proc. Int'l, L.P.*, No. M-13-036, 2013 WL 12155025, at *4 (S.D. Tex. May 13, 2013). In pertinent part, Rule 4(h) provides that a corporation must be served either

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1), in turn, states that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

5

  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

  (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Thus, Respondent may satisfy the requirements of Rule 4 and Rule 45 by delivering a copy of the Corrected Subpoena to Movant's registered agent, Manuel Juarez.

 Movant complains that: "Neither AM RE nor its process server contacted TEXCAZ to advise it wished to serve a subpoena and inquire whether TEXCAZ's registered agent, Juarez, was available to accept service." Dkt. 10 at 4. Accordingly, should Respondent still wish to serve the Corrected Subpoena on Movant, the parties are hereby **ORDERED** to confer and agree **on or before August 12, 2022** as to a reasonable date, time, and location at which Movant's registered agent – or, if he is unavailable, another person authorized under Rule 4 – will accept service of the Corrected Subpoena. Movant is further **ORDERED** to comply with the Corrected Subpoena **on or before August 26, 2022**.

## V. Conclusion

 For the foregoing reasons, Movant TEXCAZ Transborder Insurance Intermediaries, Inc. d/b/a TEXCAZ Insurance Services' Motion for Relief and Request for Sanctions and Costs Pursuant to Fed. R. Civ. P. 45(d)(1) Relating to Purported Subpoena (Dkt. 1) and Movant's Supplemental Motion (Dkt. 3) are **GRANTED** and AM RE Syndicate Inc.'s Cross-Motion to Compel (Dkt. 6) is **DENIED**. All relief not expressly granted herein is **DENIED**.

 **SIGNED** on August 4, 2022.

                _____
                SUSAN HIGHTOWER
                UNITED STATES MAGISTRATE JUDGE